561 A.2d 82

**COMMONWEALTH of Pennsylvania, STATE CORRECTIONAL INSTITUTION AT DALLAS, DEPARTMENT OF CORRECTIONS, Petitioner,**

**v.**

**Paul A. ROBISON, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1989.

Decided July 20, 1989.

David B. Farney, Asst. Counsel, Camp Hill, for petitioner.

Joseph F. Iracki, Wilkes–Barre, for respondent.

Before CRAIG and COLINS, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

The Pennsylvania Department of Corrections (petitioner) petitions to review the order of the State Civil Service Commission (Commission), sustaining the appeal of Paul A. Robison from removal of his position as Correction Officer

1, ordering his return to duty, and ordering reimbursement of lost wages.

Robison was removed from his position for reporting for work unfit for duty and causing a serious breach in security, thereby violating rule B–14 of the Department of Corrections Code of Ethics. This rule provides that an employee shall not report for duty under the influence of intoxicants.

On appeal, the Commission found that corrections officer Robison was assigned to S–1 cell block, a restricted housing unit which incarcerates inmates who have shown violent behavioral patterns and inability to conform to rules. It was found that he was the sole officer so assigned, and Robison reported for work at 10:00 p.m., his shift ending at 6:00 a.m. The Commission found that he is required to call the officer on duty every one-half hour, and in fact he did call at 10:30, 11:00, and 11:30, but he failed to make the required call at midnight. Another officer was sent to check on the situation, and found Robison with his head on the desk. According to the Commission's findings, Robison could not be aroused initially, and when aroused was not coherent. Additionally, there was vomit in the toilet behind his desk. It was found that Robison was initially taken to the infirmary, and then to the hospital where Dr. Hunt, the physician in charge, ordered other employees to obtain a blood sampling for alcohol, which was reported to be 0.23.

While the findings of fact by the Commission do not so indicate, the record does show that Dr. Hunt examined Robison, noticed the odor of alcohol on his breath, slurred speech, conducted an eye test, ordered the blood alcohol test to be taken, and found him to be intoxicated. Notes of testimony (N.T.), January 6, 1988, at 19. In its discussion, the Commission, based on the fact that Dr. Hunt did not personally take the blood for examination, did not consider the report reliable and concluded that the report was not probative of Robison's sobriety on the night in question.

The Commission also found that Robison had no prior disciplinary actions or misconduct, and even after suspen-

sion, Robison was assigned to high security duties which included the tower and S–1 cell block. The Commission concluded that although Robison was physically disabled, it was not the result of intoxication, but of physical exhaustion caused by prior family matters, and attending a wedding where he had drunk a "couple of beers." N.T., January 15, 1988, at 104–05.

■ Even though the doctor did not personally take the blood test, there is nothing to indicate a possible tampering with the result. It certainly was admissible as evidence, and its weight was for the fact finder to determine. Where intoxication is an issue, the fact finder may infer intoxication. However, such test results are not conclusive and mandatory. The test result should be considered together with all the other evidence in the case in determining whether there is a preponderance of evidence to establish intoxication. *Commonwealth v. DiFrancesco,* 458 Pa. 188, 193–94, 329 A.2d 204, 207–08 (1974); *Beneshunas v. Independence Life & Accident Insurance Co.,* 354 Pa.Superior Ct. 391, 512 A.2d 6 (1986).

■ Here, there was evidence rebutting the possible inference drawn from the results of the blood test. The fact finder determines the credibility and weight of the witness' testimony. Our duty is to examine the testimony in the light most favorable to the party in whose favor the Commission has found, giving that party the benefit of all inferences that *can* logically and reasonably be drawn from the testimony, to see if substantial evidence exists for the conclusions. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Substantial evidence is such evidence that a reasonable person would consider as adequate to support the finding. *City of New Castle v. Workmen's Compensation Appeal Board,* 65 Pa.Commonwealth Ct. 25, 441 A.2d 803 (1982).

■ Under these circumstances, it is not within the province of a reviewing court to substitute its judgment for that of the trier of facts. It seems clear that there was suffi-

cient credible evidence to support the finding that Robison was not intoxicated at the time that he reported for work. *Beneshunas.*[1]

Accordingly, the order of the Civil Service Commission is affirmed.

## ORDER

NOW, July 20, 1989, the order of the Civil Service Commission, No. 7560, is affirmed.

---

1. This court need not reach the discrimination issue in light of our disposition. However, we note that there is no evidence of discrimination in the record, and it would have been error for the Commission to have reinstated Robison based on discrimination factors.